UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL JOHNSON,
    Plaintiff,

vs.                                                                                                No. 14-1210

JOSEPH BENNETT, et al.,
    Defendants

MERIT REVIEW ORDER

    This cause is before the court for merit review or the Plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The Plaintiff claims various Defendants violated his constitutional rights at Pontiac Correctional Center including Lieutenant Joseph Bennett, Lieutenant Ryan Hitchens, Sergeant Evans, Correctional Officer Corely and Correctional Officer John Doe, Badge # 6512. The Plaintiff alleges the Defendants failed to protect him from an inmate assault and failed to provide him medical care for his injuries.

    The Plaintiff says on February 8, 2014, he was escorted to an area where inmates were receiving haircuts. The Plaintiff says an inmate sitting in the chair next to him announced "he was going to get" the Plaintiff. (Comp, p. 5). The inmate made this statement in front of several of the named Defendants including Officer Corely. The Plaintiff then informed Lieutenant Bennett the inmate was his enemy and "to make sure he doesn't get down on me while I'm getting my hair cut." (Comp., p. 5).

1

At some later point, Officer Corely escorted the threatening inmate near the Plaintiff and the inmate lunged at the Plaintiff, striking him in the shoulder and knocking him out of his chair. The two inmates were separated and Lieutenant Bennett asked the Plaintiff if he wanted to finish his hair cut. The Plaintiff stated that he did.

When his hair cut was complete, the Plaintiff asked to go to the health care unit, but Lieutenant Bennett told the Plaintiff he was fine. The Plaintiff says once he was back in his cell, his back pain began to increase. The Plaintiff continued to ask both Bennett and the John Doe officer for medical care without success. The Plaintiff also asked Officer Louvrant if he could go the Health Care Unit, but the officer said the Plaintiff's request was denied by Lieutenant Hitchens. The Plaintiff did fill out a written request for medical care, but never received treatment.

The Plaintiff has articulated a claim that Defendants Corely and Bennett violated his constitutional rights when they failed to take reasonable measures to protect the Plaintiff from an inmate assault. The fact that other officers may have been in the room when the other inmate initially threatened the Plaintiff is not sufficient to indicate any of the other officers have any liability from this claim.

The court notes that based on the Plaintiff's allegations, he clearly did not need immediate medical care since he chose to continue with his haircut. However, it is possible the Plaintiff's condition worsened once he returned to his cell. The court cannot determine at this stage of the proceedings whether Plaintiff's back pain was a serious medical condition. Therefore, for the purpose of notice pleading, the Plaintiff has stated a claim that Defendants Bennett, John Doe Badge # 6512 and Hitchens violated his constitutional rights when they were deliberately indifferent to his serious medical condition.

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the court finds the Plaintiff alleges: a) Defendants Corely and Bennett failed to take reasonable measures to protect the Plaintiff from an inmate assault; and b) Defendants Bennett, John Doe Badge # 6512 and Hitchens were deliberately indifferent to Plaintiff's serious medical condition, back pain. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel

has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **Plaintiff's motions for a status update are denied as moot.[7,8]**

12) **The clerk of the court is directed to dismiss Defendant Sergeant Evans for failure to state a claim upon which relief can be granted pursuant to §1915.**

13) **The clerk is directed to attempt service on Defendants pursuant to the standard procedures. An internal merit review deadline will be set within sixty days.**

14) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered this 12th day of November, 2014

                                        s/ James E. Shadid

                            _____
                                        JAMES E. SHADID
                                UNITED STATES DISTRICT JUDGE